## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOZZUTO CONSTRUCTION COMPANY | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. _____ |
| | : |
| CINCINNATI INSURANCE COMPANY, DALE | : |
| WATERPROOFING SYSTEMS, INC., 237 KING | : **NOTICE OF REMOVAL** |
| PARTNERS, LLC, a/k/a 237 EAST KING | : |
| PARTNERS, LLC, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

**TO:    THE JUDGES OF THE UNITES STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §1332, 1441 and 1446, *et seq.* Defendant, The Cincinnati Insurance Company ("Cincinnati"), by and through its undersigned counsel, White and Williams LLP, files this Notice of Removal of the above-captioned action from the Court of Common Pleas of Chester County, Pennsylvania, Docket Number 2023-01119-CT, in which this action was filed, to the United States District Court for the Eastern District of Pennsylvania, and provides notice of the same to counsel representing the Plaintiff.

In support of this Notice of Removal, Cincinnati avers as follows:

## FACTUAL BACKGROUND

1.      This action arises from an insurance coverage dispute between Cincinnati, Bozzuto Construction Company ("Bozzuto"), Dale Waterproofing Systems, Inc. ("Dale"), and 237 King Partners, LLC, a/k/a 237 East King Partners, LLC (the "Owner"), related to whether

Cincinnati has a duty to defend and/or indemnify its named insured, Dale, or its putative additional insured, Bozzuto, for their liability if any for alleged property damage at the 237 King Partners property (the "Project") allegedly caused by Dale's and Bozzuto's work on the Project.

2.      On August 16, 2019, the Owner of the Project initiated an Arbitration Demand against Bozzuto asserting claims of construction deficiencies in connection with a residential apartment complex and Bozzuto's failure to remedy the same.

3.      On October 30, 2019, the Owner and Bozzuto removed the dispute from the AAA Arbitration forum and elected to proceed with private arbitration (the "Arbitration").

4.      A true and correct copy of the pending Arbitration is attached hereto as Exhibit A.

5.      Bozzuto joined Dale to the Arbitration on September 9, 2022, by way of a Joinder Claim.

6.      A true and correct copy of Bozzuto's Joinder Claim is attached hereto as Exhibit B.

7.      On February 15, 2023, Bozzuto initiated a Declaratory Judgment Action against "Cincinnati Insurance Companies", Dale and the Owner in the Chester County Court of Common Pleas (the "State Action") at Docket no. 2023-01119-CT.

8.      A true and correct copy of Bozzuto's Complaint for Declaratory Judgement filed in the State Action is attached hereto as Exhibit C.

9.      Cincinnati was not properly named as a party to the State Action, as Bozzuto's Complaint named "Cincinnati Insurance Companies" which is not a legal entity.

10.      On March 9, 2023, Bozzuto filed a Praecipe to Amend the Caption of the State Action to properly name Cincinnati as a party.

11.      A true and correct copy of the Praecipe to Amend the Caption is attached hereto

as Exhibit D.

12.     White and Williams, LLP accepted service for Cincinnati on March 15, 2023.

13.     A true and correct copy of Cincinnati's Acceptance of Service is attached hereto as Exhibit E.

14.     A true and correct copy of the docket in the State Action is attached hereto as Exhibit F.

## REMOVAL IS TIMELY AND PROPER

15.     Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

16.     Pursuant to 28 U.S.C. § 1441, Cincinnati seeks to remove this case to the United States District Court for the Eastern District of Pennsylvania, which is the District Court embracing the place where the State Court Action has been filed.

17.     28 U.S.C. § 1446(b)(1) provides that a Notice of Removal is timely if served within thirty (30) days after receipt by the Defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

18.     Cincinnati was not served with Bozzuto's Complaint in the State Action until March 15, 2023.

19.     Cincinnati has filed these removal papers less than 30 days after service.

20.     As such, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

21.     A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Chester County, Pennsylvania, and is being served upon plaintiffs

30479194v.1

and all parties of record pursuant to 28 U.S.C. § 1446(d).

22.     A copy of the underling state court docket, underlying complaint and all other relevant pleadings are attached as Exhibits C, D and F.

**BASIS FOR REMOVAL – DIVERSITY BY WAY OF REALIGNING OF PARTIES**

23.     Pursuant to 28 U.S.C. § 1332(a), a defendant may remove any action where there is complete diversity between Plaintiff and Defendants.

24.     Here, when the parties are properly realigned, there is complete diversity between Cincinnati and the other parties, all of whose interests are adverse to that of Cincinnati.

25.     Plaintiff, Bozzuto, is a citizen of Maryland – being a corporation organized under the laws of Maryland and having its principal place of business in Gambrills, Maryland.  *See* Exhibit C at ¶ 5.  Upon information and belief, Bozzuto's principal place of business is at 1433 S. Main Chapel Way, Gambrills, MD 21054.

26.     Defendant, Cincinnati, is a citizen of Ohio – being a corporation organized under the laws of Ohio and having its principal place of business at 6200 South Gilmore Road, Fairfield, Ohio.  *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

27.     Defendant, Dale, is a citizen of Pennsylvania – being a corporation incorporated under the laws of Pennsylvania and having its principal place of business in West Chester, Pennsylvania.  *See* Exhibit C at ¶ 7.  Upon information and belief, Dale's principal place of business is at 1155 Phoenixville Pike, Ste. 113, West Chester, Pa 19380.

28.     Defendant, 237 King Partners, is a limited liability company organized under the laws of Pennsylvania and having its principal place of business in Malvern, Pennsylvania.  *Id*. at

¶ 8.  Upon information and belief, 237 King Partners' principal place of business is at 335 E. King Street, Malvern, PA 19355-2566.

29.     Additionally, upon information and belief, 237 King Partners has three members, all individuals, two of which reside in the state of Pennsylvania (Eli Khan and David Della Porta) and one who resides in the state of Florida (Gary Toll).  Thus, for jurisdictional purposes, 237 King Partners is a citizen of both Pennsylvania and Florida – and, importantly, not of Ohio.

30.     Attached hereto as Exhibit G is a true and correct copy of a September 22, 2013, article from the Philadelphia Inquirer naming Eli Khan, Davis Della Porta and Gary Toll as members of 237 King Partners L.L.C.

31.     Attached hereto as Exhibit H is a true and correct copy of residency search results for Eli Khan, David Della Porta and Gary Toll.

32.     Attached hereto as Exhibit I is the Certificate of Organization for 237 King Partners, LLC, listing E. Khan  Development Corp. as its commercial registered office provider.

33.     Attached hereto as Exhibit J is a true and correct copy of 237 King Partners, LLC Corporate Filings in the State of Pennsylvania.

34.     After reasonable inquiry and on information and belief, none of the members of 237 King Partners are citizens of Ohio.

35.     Further this Court should realign Dale and 237 King Partners as plaintiffs in this lawsuit.

36.     Like Bozzuto, Dale and 237 King Partners have an interest in seeing that Cincinnati owes coverage for the damages at the Project.

37.     In fact, under Pennsylvania state law, Bozzuto was required to name 237 King Partners as an interested party to its declaratory judgment claim.  *See Vale Chem. Co. v. Hartford*

*Acci. & Indem. Co.*, 512 Pa. 290, 296, 516 A.2d 684, 687-88 (1986) (holding that, pursuant to the Pennsylvania Declaratory Judgment Act, 42 Pa. C.S.A. § 7540, all interested parties should be joined before a declaratory judgment can issue).

38.      In determining whether there is diversity of citizenship, this Court should look beyond the party designations pleaded by Bozzuto and align the parties based upon their genuine interests in the lawsuit.  *City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69 (1941) ("It is our duty, as it is that of the lower federal courts, to look beyond the pleadings and arrange the parties according to their sides in the dispute.") (internal citations omitted).

39.      Where party designations have jurisdictional consequences," a court must "align the parties before determining jurisdiction."  *Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc.,* 54 F.3d 156, 160 (3d Cir. 1995).

40.      In determining whether realignment of parties is appropriate, the Third Circuit requires a district court to "first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue." *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.,* 942 F.2d 862, 864 (3d Cir. 1991).  Under this test, the Court looks to the "primary and controlling matter in dispute" and "plaintiffs principal purpose for filing its suit." *Id.*

41.      In the State Action, the primary issue concerns whether Cincinnati has a duty to defend and/or indemnify Bozzuto in connection with the claims alleged by 237 King Partners in the Arbitration.

42.    In the State Action, Bozzuto "seeks a declaration that it is entitled to defense and indemnification" as an additionally insured pursuant to an insurance policy that Cincinnati issued to Dale for the policy period of October 22, 2013 to October 22, 2014 (the Cincinnati Policy"). *See* Exhibit C at ¶ 4.

43.    Dale also has requested defense and indemnity from Cincinnati under the same Cincinnati Policy for claims and damages alleged against Dale relating to the Project.  *See id*. at 22.

44.    Thus, the "primary and controlling matter" here is whether Cincinnati is obligated to defend and indemnify Dale and/or Bozzuto.

45.    Cincinnati has disclaimed any duty to defend and/or indemnify Bozzuto, and has reserved all rights to deny coverage to Dale for the claims and damages alleged in the Arbitration.

46.    As such, Cincinnati's interests are adverse those of both Dale and Bozzuto.

47.    Dale's and Bozzuto's interests are aligned because if it is determined that Cincinnati is obligated to indemnify Bozzuto as an additional insured, then Cincinnati will likely have an obligation to defend and indemnify Dale as its named insured.

48.    Further, 237 King Partners, being the Owner asserting damage claims against Bozzuto, also should be realigned as a plaintiff because like Bozzuto and Dale, 237 King Partners has an interest in a declaration that Cincinnati must indemnify Dale and Bozzuto because any finding that Cincinnati owes a duty to indemnify Dale and or Bozzuto, mutually benefits 237 King Partners as the allegedly injured party.

49.    This Court should, therefore, realign Dale and Owner as plaintiffs in the instant action.  *See Kelly v. Maxum Specialty Ins. Grp.,* 2018 U.S. Dist. LEXIS 3526, at *17 (E.D. Pa.

Jan. 9, 2018) (holding that realignment was proper because the underlying plaintiff's interests were properly aligned with the insured seeking coverage, and adverse to the insurer who declined to provide a defense in the underlying lawsuit).

50.     When the parties hereto are properly realigned, removal is proper because there is complete diversity between Defendant Cincinnati (a citizen of Ohio) and the other parties -- Plaintiff Bozzuto (a citizen of the state of Maryland), Defendant Dale (a citizen of Pennsylvania) and Defendant 237 King Partners (a citizen of Pennsylvania and Florida).

51.     Additionally, the amount in controversy is satisfied here because Bozzuto seeks defense and indemnity for damages allegedly in excess of $3,800,000.00.  *See id*. at ¶ 13.

52.     As the above demonstrates, when properly aligned, this Action is between citizens of different states and there is complete diversity for purposes of 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, Cincinnati respectfully requests that the parties to the State Action be realigned as noted above and that the State Action presently pending in the Chester County Court of Common Pleas be removed to the United States District Court for the Eastern District of Pennsylvania.

WHITE AND WILLIAMS LLP

BY:

Anthony L. Miscioscia
1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.6356
Attorneys for Defendant,
Cincinnati Insurance Company

Dated:  April 4, 2023

30479194v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

BOZZUTO CONSTRUCTION COMPANY | :
| :
Plaintiff, | :
| :  CIVIL ACTION NO. _____
v. | :
| :
CINCINNATI INSURANCE COMPANY, DALE | :
WATERPROOFING SYSTEMS, INC., 237 KING | :  **NOTICE OF REMOVAL**
PARTNERS, LLC, a/k/a 237 EAST KING | :
PARTNERS, LLC, | :
| :
Defendants. | :
| :

## NOTICE TO PLAINTIFF AND ALL DEFENDANTS

TO:   Matthew H. Dempsey, Esquire
Horn Williamson, LLC
1500 JFK Boulevard,
Two Penn Center, Suite 1700,
Philadelphia, PA 19102 1500
mdempsey@hornwilliamson.com
*Attorney for Bozzuto Construction Company*

Lane F. Kelman, Esquire
Cody M. Wolpert, Esquire
Cohen Seglias Pallas Greenhall & Furman, P.C.
1600 Market Street, 32nd Floor
Philadelphia, Pa 19103
lkelman@cohenseglias.com

30479194v.1

cwolpert@cohenseglias.com
*Attorneys for 237 King Partners, LLC a/k/a 237 East King Partners, LLC*

Malvern East King Street
237 East King Street
Malvern, Pa 19355
*Defendant, 237 King Partners, LLC a/k/a 237 East King Partners, LLC*

Dale Waterproofing Systems, Inc.
1155 Phoenixville Pike, Suite 113
West Chester Pa, 19380
*Defendant, Dale Waterproofing Systems, Inc.*

**PLEASE TAKE NOTICE** that Defendant Cincinnati Insurance Company ("Cincinnati")
has filed a Notice with the United States District Court for the Eastern District of Pennsylvania
for removal of the above-captioned action, pending in the Chester County Court of Common
Pleas in Chester County, Pennsylvania.

**FURTHER** take notice that Cincinnati has also filed with the United States District
Court for the Eastern District of Pennsylvania a copy of the complaint filed and entered in the
Chester County Court of Common Pleas, and served on Cincinnati. A copy of said Notice of
Removal is attached to this Notice and is hereby served upon you.

WHITE AND WILLIAMS LLP

Dated:  April 4, 2023

BY:

Anthony L. Miscioscia
1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.6356
Attorneys for Defendant,
Cincinnati Insurance Company

-10-

30479194v.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BOZZUTO CONSTRUCTION COMPANY | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. _____ |
| v. | : |
| | : |
| CINCINNATI INSURANCE COMPANY, DALE | : |
| WATERPROOFING SYSTEMS, INC., 237 KING | **NOTICE OF REMOVAL** |
| PARTNERS, LLC, a/k/a 237 EAST KING | : |
| PARTNERS, LLC, | : |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |

**TO THE CLERK OF COURT**:

I, Anthony Miscioscia, Esquire, counsel for Defendant Cincinnati Insurance Company, hereby certify that a copy of the foregoing Notice of Removal will be filed with the prothonotary of the Chester County Court of Common Pleas of Chester County, Pennsylvania, immediately upon receipt of the time-stamped copy from the United States District Court for the Eastern District of Pennsylvania, and served upon Plaintiff's counsel.

WHITE AND WILLIAMS LLP

-11-

Dated:  April 4, 2023

BY:

Anthony L. Miscioscia
1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.6356
Attorneys for Defendant,
Cincinnati Insurance Company

30479194v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOZZUTO CONSTRUCTION COMPANY | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. _____ |
| v. | : |
| | : |
| CINCINNATI INSURANCE COMPANY, DALE | : |
| WATERPROOFING SYSTEMS, INC., 237 KING | : **NOTICE OF REMOVAL** |
| PARTNERS, LLC, a/k/a 237 EAST KING | : |
| PARTNERS, LLC, | : |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |

## <u>CERTIFICATE OF SERVICE</u>

I, Anthony Miscioscia, Esquire, hereby certify that a true and correct copy of the within

Notice of Removal was delivered via e-filing to the following counsel of record or mailed to the

unrepresented parties on this 4th day of April, 2023.

Matthew H. Dempsey, Esquire
Horn Williamson, LLC
1500 JFK Boulevard,
Two Penn Center, Suite 1700,
Philadelphia, PA 19102 1500
mdempsey@hornwilliamson.com
*Attorney for Bozzuto Construction Company*

Lane F. Kelman, Esquire
Cody M. Wolpert, Esquire

lkelman@cohenseglias.com
cwolpert@cohenseglias.com
*Attorneys for 237 King Partners, LLC a/k/a 237 East King Partners, LLC*

Malvern East King Street
237 East King Street
Malvern, Pa 19355

-13-

*Defendant, 237 King Partners, LLC a/k/a 237 East King Partners, LLC*

Dale Waterproofing Systems, Inc.
1155 Phoenixville Pike, Suite 113
West Chester Pa, 19380
*Defendant, Dale Waterproofing Systems, Inc.*

WHITE AND WILLIAMS LLP

Dated:  April 4, 2023

BY:

Anthony L. Miscioscia
1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.6356
Attorneys for Defendant,
Cincinnati Insurance Company

-14-