# EXHIBIT C

**Supreme Court of Pennsylvania**

**Court of Common Pleas**

**Civil Cover Sheet**

<u>**CHESTER**</u>  County

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| **2023-01119-CT** |

Filed and Attested by
PROTHONOTARY
15 Feb 2023 05:08 PM
C. Luna-Valente

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**

✔ Complaint            Writ of Summons            Petition

___ Transfer from Another Jurisdiction            Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
| --- | --- |
| **BOZZUTO CONSTRUCTION COMPANY** | **CINCINNATI INSURANCE COMPANIES** |

| Are money damages requested?  ___ Yes  ✔ No | Dollar Amount Requested:  ___ Within arbitration limits |
| --- | --- |
| | (check one)  ✔ outside arbitration limits |

| Is this a Class Action Suit?  ___ Yes  ✔ No | Is this an MDJ Appeal?  ___ Yes  ✔ No |
| --- | --- |

Name of Plaintiff/Appellant's Attorney: Matthew H. Dempsey

___ **Check here if you have no attorney(are a Self-Represented [Pro Se] Litigant)**

## SECTION B

| **Nature of the Case:** | Place "X" to the left of the <u>**ONE**</u> case category that most accurately describes your *PRIMARY CASE.* |
| --- | --- |
| | If you are making more than one type of claim, check the one that you consider most important. |

**TORT**(do not include Mass Tort)
- ___ Intentional
- ___ Malicious Prosecution
- ___ Motor Vehicle
- ___ Nuisance
- ___ Premises Liability
- ___ Product Liability(does not include mass tort)
- ___ Slander/Libel/Defamation
- ___ Other:

**MASS TORT**
- ___ Asbestos
- ___ Tobacco
- ___ Toxic Tort - DES
- ___ Toxic Tort - Implant
- ___ Toxic Waste
- ___ Other:

**PROFESSIONAL LIABILITY**
- ___ Dental
- ___ Legal
- ___ Medical
- ___ Other Professional

**CONTRACT**(do not include Judgments)
- ___ Buyer Plaintiff
- ___ Debt Collection: Credit Card
- ___ Debt Collection: Other
- ___ Employment Dispute: Discrimination
- ___ Employment Dispute: Other
- ✔ Other

**REAL PROPERTY**
- ___ Ejectment
- ___ Eminent Domain/Condemnation
- ___ Ground Rent
- ___ Landlord/Tenant Dispute
- ___ Mortgage Foreclosure: Residential
- ___ Mortgage Foreclosure: Commercial
- ___ Partition
- ___ Quiet Title
- ___ Other:

**CIVIL APPEALS**
Administrative Agencies
- ___ Board of Assessment
- ___ Board of Elections
- ___ Dept. of Transportation
- ___ Statutory Appeal: Other
- ___ Zoning Board
- ___ Other:

**MISCELLANEOUS**
- ___ Common Law/Statutory Arbitration
- ___ Declaratory Judgement
- ___ Mandamus
- ___ Non-Domestic Relations
- ___ Restraining Order
- ___ Quo Warranto
- ___ Replevin
- ___ Other:

| **Chester County** **Court of Common Pleas** **Cover Sheet** | Docket No: **2023-01119-CT** |
|---|---|

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney(circle one) |
|---|---|
| **BOZZUTO CONSTRUCTION COMPANY** 740 SPRINGDALE DRIVE SUITE 130   EXTON, PA  19341 | (Name, firm, address, telephone and attorney ID#) **Matthew H. Dempsey** (215) 987-3800 Horn Williamson, LLC attorney ID#: 312392 2 Penn Center, Suite 1700, 1500 JFK Boulevard, Philadelphia, PA 19102, US |
| Defendant(s): (Name, Address) **CINCINNATI INSURANCE COMPANIES** P.O. BOX 399   HOCKESSIN, DE  19707 **DALE WATERPROOFING SYSTEMS, INC.** 1155 PHOENIXVILLE PIKE  SUITE 113  WEST CHESTER, PA 19380 **237 KING PARTNERS, LLC** 237 EAST KING STREET   MALVERN, PA  19355 | Are there any related cases? Please provide case nos. |

**Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached**

**Commencement of Action (if applicable):** __ Agreement for an Amicable Action __ Motion to Confirm Arbitration Award
Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant __ Plaintiff or __ Defendant in the original action?

Jury Trial Demanded __ Yes ✔ No

Nature of case if not on previous cover sheet - Please choose the most applicable

| | |
|---|---|
| __ Annulment | __ Writ of Certiorari |
| __ Custody - Conciliation Required | __ Injunctive Relief |
| __ Custody - Foreign Order | __ Mechanics Lien Claim |
| __ Custody - No Conciliation Required | __ Issuance of Foreign Subpoena |
| __ Divorce - Ancillary Relief Request | __ Name Change |
| __ Divorce - No Ancillary Relief Requested | __ Petition for Structured Settlement |
| __ Foreign Divorce | |
| __ Foreign Protection from Abuse | |
| __ Paternity | |
| __ Protection from Abuse | |
| __ Standby Guardianship | |

| **Arbitration Cases Only** | **Notice of Trial Listing Date** |
|---|---|
| Arbitration Date  mm/dd/yyyy Arbitration Time  hh:mm:ss Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date. | Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filled unless otherwise ordered by the Court. |

*2023-01119-CT*

| This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge. | To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date. |
|---|---|
| **File with:** Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989 ||
| These cover sheets must be served upon all other parties to the action immediately after filing. ||
| Submit enough copies for service. ||

*2023-01119-CT*

**IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY**

*Filed and Attested by
PROTHONOTARY
15 Feb 2023 05:08 PM
C. Luna-Valente*

| | | |
|---|---|---|
| BOZZUTO CONSTRUCTION COMPANY, | : | |
| | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. _____ |
| CINCINNATI INSURANCE COMPANIES, | : | |
| | : | |
| and | : | |
| | : | |
| DALE WATERPROOFING SYSTEMS, INC., | : | |
| | : | |
| and | : | |
| | : | |
| 237 KING PARTNERS, LLC, a/k/a 237 EAST KING PARTNERS, LLC, | : | |
| | : | |
| *Defendants.* | : | |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Chester County Bar Association
Lawyer Referral
15 W. Gay Street
West Chester, Pennsylvania 19380
(610) 429-1500**

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Chester County Bar Association
Lawyer Referral
15 W. Gay Street
West Chester, Pennsylvania 19380
(610) 429-1500**

**HORN WILLIAMSON LLC**
Matthew H. Dempsey, Esq.
Laura B. Garber, Esq.
Attorney I.D. Nos. 312392 / 314804
Two Penn Center, 1500 JFK Blvd., Suite 1700
Philadelphia, PA  19102
215-987-3800
mdempsey@hornwilliamson.com
lgarber@hornwilliamson.com

*Filed and Attested by
PROTHONOTARY
15 Feb 2023 05:08 PM
C. Luna-Valente*

*Attorneys for Plaintiff*,
*Bozzuto Construction Company*

| | | |
|---|---|---|
| BOZZUTO CONSTRUCTION COMPANY, | : | **IN THE COURT OF COMMON PLEAS** |
| | : | **CHESTER COUNTY, PENNSYLVANIA** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| CINCINNATI INSURANCE COMPANIES, | : | |
| | : | No. _____ |
| and | : | |
| | : | |
| DALE WATERPROOFING SYSTEMS, INC., | : | |
| | : | |
| and | : | |
| | : | |
| 237 KING PARTNERS, LLC, a/k/a 237 EAST | : | |
| KING PARTNERS, LLC, | : | |
| | : | |
| *Defendants*. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Bozzuto Construction Company, by and through counsel, Horn Williamson, LLC, hereby files its Complaint for Declaratory Relief against the Defendant, Cincinnati Insurance Companies and Defendant interested parties Dale Waterproofing Systems, Inc., and 237 King Partners, LLC, a/k/a 237 East King Partners, LLC, and in support thereof, alleges as follows:

## NATURE OF ACTION

1.      This is a Complaint for Declaratory Judgment pursuant to 42 Pa. C.S. §§ 7531-7541 (the "Declaratory Judgments Act"), to *determine* and resolve questions of actual controversy

*2023-01119-CT*

arising under a contract of insurance by the Defendant, Cincinnati Insurance Companies ("CIC"), under which Plaintiff, a general contractor, is an additional insured.

2.     CIC issued a Commercial General Liability policy insuring Plaintiff's subcontractor Dale Waterproofing Systems, Inc. ("Dale").

3.     In connection with a construction project of 237 King Partners, LLC, a/k/a 237 East King Partners, LLC ("Owner"), Plaintiff was named as an additional insured under Dale's CIC Policy.

4.     Plaintiff seeks a declaration that it is entitled to defense and indemnification under the CIC Policy and that Defendant, CIC, shall defend and indemnify Plaintiff in connection with the underlying arbitration claim arising out of alleged property damage sustained by Owner as a result of alleged water penetration from exterior terrace-courtyard areas into several areas of Owner's property including but not limited to a parking garage. In these areas, it is alleged and claimed by Owner that waterproofing work performed by Bozzuto's subcontractor Dale failed. A copy of the arbitration Statement of Claim is attached as **Exhibit 1** ("Statement of Claim" or "underlying lawsuit").

## **PARTIES**

5.     Plaintiff, Bozzuto Construction Company ("Plaintiff" or "Bozzuto") is a Maryland corporation with its principal place of business in Gambrills, Maryland.

6.     Defendant, Cincinnati Insurance Companies ("CIC") is incorporated in Ohio and has its principal place of business in Fairfield, Ohio. CIC issued a Commercial General Liability Policy to Dale Waterproofing Systems, Inc, and included Plaintiff Bozzuto as a named insured.[1]

*See* Endorsement, attached hereto as **Exhibit 2**.

---

[1] Despite requests to the carrier for a copy of the policy, CIC has failed to provide same to Plaintiff. Upon information and belief, the policy is in possession of CIC and/or Dale Waterproofing, Inc.

7.     Defendant, Dale Waterproofing Systems, Inc. ("Dale"), is incorporated in Pennsylvania and has its principal place of business in West Chester, Pennsylvania. Dale contracted with Plaintiff as the subcontractor installing waterproofing membrane and other materials that are the subject of the underlying lawsuit.

8.     Defendant, 237 King Partners, LLC, a/k/a 237 East King Partners, LLC ("Owner") is a Pennsylvania limited liability company located in Malvern, Pennsylvania.  Owner is pursuing a claim against Bozzuto in an underlying lawsuit seeking recovery of damages arising out of Dale's work under its subcontract with Bozzuto.

## JURISDICTION AND VENUE

9.     This court has subject matter jurisdiction under 42 Pa. C.S. § 931(a).

10.     Venue is proper in this court under Pennsylvania Rules of Civil Procedure 1006 and 2179 because the cause of action arose in this county and the transactions and occurrences upon which this Complaint is based took place in this county. This includes that the certificate of insurance was provided as required under a subcontract for the construction project of Owner in Malvern, Chester County, Pennsylvania.

## FACTS

### A.     The Underlying Litigation

11.     Owner engaged Bozzuto as general contractor under a written construction contract whereby Owner would pay Bozzuto an agreed upon sum to provide general contracting services for the construction of an apartment complex (the "Project") located at 237 East King Street, Malvern, Pennsylvania, known as the Eastside Flats (the "Property").

12.     The Project involved the construction of a four-story mixed-use complex, including two independent structures with 190 apartment units, retail space, three elevated terrace courtyards, and a two-story parking garage.

13.     Owner is suing Bozzuto in an arbitration proceeding in which Owner seeks recovery in excess of $3,800,000.00 for damages suffered from the alleged construction failures at the Project.

14.     Owner specifically alleges in the underlying litigation that Bozzuto improperly installed waterproofing membranes on each of the three rooftop terraces at the Property. As a result, Owner alleges that moisture is trapped below the membrane, the adhesive of the membrane has failed at vertical wall terminations, there is residual water behind the brick base of the building exterior, and there is water intrusion into the parking garage structure.

15.     Dale was Bozzuto's subcontractor on the Project; Dale's scope of work included installation of a waterproofing system at each of the three terraces at the Project.

16.     Owner alleges that water intrusion is ongoing at each of the three terraces, among other locations.

17.     Owner alleges the water intrusion has resulted in degraded conditions of the terrace decks and the parking garage.

18.     Owner alleges that water intrusion has resulted in loss of use of balconies, the terrace areas, and parking.

19.     Additionally, Owner alleges that residents have experienced personal property damage including damage to vehicles as a result of the water intrusion.

20.     Plaintiff joined Dale to the underlying action on September 9, 2022, by filing a Joinder Claim. *See* Bozzuto Construction Company's Statement of Joinder Claim against Dale Waterproofing Systems, Inc. (internal exhibits omitted), attached hereto as **Exhibit 3**.

21.     In the Joinder Claim, Bozzuto specifically alleges breach of subcontract and seeks contribution and indemnity from Dale.

**B.      The Insurance Policy Issued by CIC**

22.     Following joinder to the underlying litigation, Dale sought defense and indemnity from CIC under the CGL policy.

23.     CIC is defending Dale in the underlying litigation.

24.     As an additional insured under the CIC CGL policy, Plaintiff is entitled to the same defense and indemnity as Dale.

**C.      Bozzuto's Requests for Insurance Coverage and CIC's Response**

25.     Plaintiff sent a Notice of Claim to Dale and CIC on July 20, 2020. *See* July 20, 2020 Notice of Claim, attached hereto as **Exhibit 4**.

26.     CIC responded, advising it was conducting an investigation and could not make coverage determination.

27.     Plaintiff sent correspondence to Dale and CIC on April 29, 2022, stating:

> **Bozzuto hereby demands you immediately defend and indemnify Bozzuto for all costs incurred and all future costs, for which you are solely responsible under the subcontract, at law, and in equity.**
>
> Additionally, this letter communication shall renew Bozzuto's demand to your insurer, The Cincinnati Insurance Companies ("CIC"), to honor its obligations regarding the above referenced open claim concerning the subject damage. To the extent CIC requires any additional information or site access to investigate the subject claim, Bozzuto will accommodate.

*See* April 29, 2022 Letter, attached hereto as **Exhibit 5**.

*2023-01119-CT*

28.     Plaintiff's counsel wrote to CIC to notify CIC that other carriers had been notified and again demanded defense and indemnity on May 16, 2022. *See* May 16, 2022 Email, attached hereto as **Exhibit 6**.

29.     On June 6, 2022, Plaintiff filed a motion in the underlying arbitration demanding that Owner file its Statement of Claim; the Statement of Claim was filed June 13, 2022. *See* **Exhibit 1**.

30.     Plaintiff's counsel emailed CIC on July 15, 2022, providing a copy of the Notice of Claim. *See* July 15, 2022 Email, attached hereto as **Exhibit 7**.

31.     Plaintiff's counsel again emailed CIC on August 10, 2022, renewing demand to defend and indemnify. *See* August 10, 2022 Email, attached hereto as **Exhibit 8**.

32.     CIC responded on August 25, 2022, but still had not made a coverage determination. *See* August 25, 2022 Email, attached hereto as **Exhibit 9**.

33.     After Plaintiff filed its Joinder Claim, CIC assigned counsel to defend Dale.

34.     Assigned counsel has participated in the underlying litigation, defending Dale.

35.     CIC has provided neither defense nor indemnity to additional insured Plaintiff despite providing a defense to Dale.

## COUNT I
## DECLARATORY JUDGMENT

36.     Plaintiff Bozzuto incorporates by reference each of the allegations set forth in the preceding paragraphs as if expressly set forth herein.

37.     Defendant CIC is obligated to defend and indemnify its additional insured – Bozzuto – in the underlying litigation.

*2023-01119-CT*

38.     Defendant CIC is defending Defendant Dale in the underlying litigation, and Plaintiff, additional insured, Bozzuto asserts that under the policy of insurance at issue, Defendant CIC must defend and indemnify Bozzuto.

39.     An actual and justiciable controversy exists between Plaintiff and Defendant CIC with respect to the duties and obligations of Defendant CIC under the insurance policy issue to Defendant Dale listing Plaintiff as an additional insured.

40.     Pursuant to the Declaratory Judgments Act, Plaintiff seeks a judicial declaration setting forth its rights under the policies issued to Dale, namely that Defendant CIC is obligated to defend and indemnify Plaintiff in the underlying litigation.

41.     This judicial determination is necessary and appropriate at this time so that Plaintiff and Defendants may ascertain their rights and obligations under the referenced insurance policy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bozzuto prays for judgment as follows:

a.  Entry of a judgment determining and declaring that Defendant CIC is obligated to defend Plaintiff Bozzuto in the underlying litigation;

b.  Entry of judgment determining and declaring that Defendant CIC is obligated to indemnify Plaintiff Bozzuto with respect to any eventual judgment or settlement in the underlying litigation;

c.  For any and all declarations not expressly requested above regarding the rights and obligations of the parties which are necessary for the prompt resolution of this matter; and

d.  Reasonable counsel fees, costs and such other relief as this Court deems just and proper under the circumstances.

*2023-01119-CT*

Respectfully submitted,

**HORN WILLIAMSON, LLC**

Date: February 15, 2023          By:  */s/ Matthew H. Dempsey*
                                       Matthew H. Dempsey, Esquire
                                       *Attorneys for Plaintiff*

## <u>VERIFICATION</u>

I, Mark Weisner, am President of Bozzuto Construction Company and I am authorized to make this verification on its behalf. I verify that the foregoing factual averments in Plaintiff's Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Sec 4904, relating to unsworn falsification to authorities.

February 15 , 2023

_____
Mark Weisner

*2023-01119-CT*

Exhibit 1

**COHEN SEGLIAS PALLAS**
**GREENHALL & FURMAN, P.C.**
By:  Lane F. Kelman, Esquire
      Cody M. Wolpert, Esquire
PA Attorney ID Nos. 75723/325954
1600 Market Street, 32nd Floor
Philadelphia, PA  19103
(215) 564-1700

*Attorneys for Claimant,*
*237 King Partners, LLC*
*a/k/a 237 East King Partners, LLC*

|  |  |  |
|---|---|---|
| **237 KING PARTNERS, LLC, a/k/a 237 EAST KING PARTNERS, LLC.** | : | |
| | : | |
| | : | |
| *Claimant*, | : | **ARBITRATION** |
| | : | |
| v. | : | **before** |
| | : | |
| **BOZZUTO CONSTRUCTION COMPANY,** | : | **The Honorable James F. Proud** |
| | : | |
| *Respondent*. | : | |
| | : | |

## STATEMENT OF CLAIM

Claimant, 237 King Partners, LLC, a/k/a 237 East King Partners, LLC ("Owner"), by and through its undersigned counsel, Cohen Seglias Pallas Greenhall & Furman P.C., and pursuant to the Scheduling Order entered in this Arbitration, hereby files this Statement of Claim and states as follows:

**I.    Introduction**

In this Arbitration, Owner seeks recovery in excess of $3,800,000.00 for damages suffered from the failure of Respondent, Bozzuto Construction Company ("Bozzuto"), to construct the Eastside Flats apartment complex in accordance with the parties' contract. Bozzuto's failures include but are not limited to improper installation of the waterproofing membrane on each of the three rooftop terraces at the complex, use of improper materials, and the failure to install two-stage drains in accordance with the project plans and specifications. As a result of Bozzuto's actions and

inactions, Owner has been forced to contend with water intrusion throughout the property and has suffered damage to the property. Further, Owner has been forced to expend significant time and resources to investigate and remedy the damage, and will continue to incur expenses as it completes the necessary remedial work.

## II.    Factual Background

This matter arises from a construction contract entered into on or about February 24, 2012 (the "Contract") between Owner and Bozzuto for the construction of the Eastside Flats apartment complex (the "Project"), located at 237 East King Street, Malvern, Pennsylvania 19355 (the "Property"). The Project involved the construction of a four-story mixed-use complex comprising of two independent structures that include 190 apartment units over approximately 30,000 square feet of retail space, a two-story parking garage, and three elevated terrace courtyards. Bozzuto was the general contractor for the Project. The Contract required Bozzuto to perform its work at the Project in accordance with the Contract documents—including the plans and specifications.

The plans and specifications required Bozzuto to properly install an appropriate waterproofing membrane in accordance with the manufacturer's instructions. The plans and specifications also required Bozzuto to install two-stage drains throughout each of the three terraces.

Bozzuto failed to perform its work in a workmanlike manner and in accordance with the plans and specifications. As a result, Owner began to experience water intrusion into both buildings that was capable of being observed with the naked eye. The water intrusion continues to this day. The water intrusion flows from the three exterior terrace-courtyard common areas and has caused damage to several portions of the Project including but not limited to the parking garage

2

structure. Owner has been forced to incur and will continue to incur significant expenses to investigate and remediate Bozzuto's defective work.

**III.    Claim and Damages**

Bozzuto materially breached the parties' Contract by failing to construct the Project in accordance with the plans, specifications, and manufacturers' instructions.[1] Bozzuto's failures and nonconforming work include but are not limited to the following:

- Failure to install two-stage drains as required by the Contract documents, resulting in active leaks at the Property.

- Failure to properly install an appropriate waterproofing membrane in accordance with the plans and specifications and manufacturer's instructions, resulting in:

    o   voids and moisture trapped below the membrane;

    o   adhesive failure of the membrane at vertical wall terminations;

    o   residual water behind brick base of building exterior; and

    o   water intrusion into the parking garage structure.

- Failure to perform the proper repairs on the defective waterproofing and installation—creating additional construction failures and additional expense to Owner.

- Improper installation of poured concrete over drains in the structural concrete slab.

Upon discovery of the construction defects, demand was made upon Bozzuto by Owner to correct and cure the defects; however, Bozzuto failed to do so. The water intrusion has resulted in degraded conditions both on the terrace decks themselves and in the parking garage below. Additionally, the water intrusion has resulted in complaints and leasing issues with residents of

---

[1] Owner also asserts, in the alternative, quasi-contract theories (unjust enrichment, quantum meruit, etc.) entitling it to recovery of the same damages.

*2023-01119-CT*

the complex for loss of use of balconies, the terrace areas, and parking. As of the date of this statement, Owner has incurred consultant costs in the amount of $43,191.49, which continue to accrue, and costs to reimburse residents for damages to their vehicles of at least $6,080.81. In addition, it is estimated that Owner will incur costs in the amount of at least $3,788,412.00 to complete the remedial work.[2]

Because Bozzuto failed to construct the Project in accordance with the Contract documents, and failed to correct its defective work despite Owner providing notice and opportunity to cure, Owner is entitled to recover the above damages pursuant to the Contract. Owner reserves the right to amend and/or supplement this Statement as additional information becomes available to it through the course of discovery.

## IV.    Relief

For the reasons set forth above, Owner respectfully requests an award in its favor in the amount of at least $3,837,684.30. Owner reserves all rights and remedies available to it, including but not limited to supplementation of its damages demand.

> Respectfully submitted,
>
> **COHEN SEGLIAS PALLAS**
> **GREENHALL & FURMAN, PC**
>
> BY:    /s/ Lane F. Kelman
>          Lane F. Kelman, Esquire
>          Cody M. Wolpert, Esquire
>          *Attorneys for Claimant*

Dated: June 23, 2022

---

[2] As of the date of this Statement, remedial work at the Project is ongoing, and the sum of Owner's costs incurred to complete the remedial work is subject to change.

*2023-01119-CT*

## <u>CERTIFICATE OF SERVICE</u>

I, Lane F. Kelman, Esquire, hereby certify that on June 23, 2022, I caused a true and correct

copy of the foregoing *Statement of Claim* to be served upon the following via electronic mail:

Matthew H. Dempsey
Thomas P. Stevens
Horn Williamson LLC
2 Penn Center, Suite 1700
1500 JFK Boulevard
Philadelphia, PA 19102
mdempsey@hornwilliamson.com
tstevens@hornwilliamson.com
*Attorneys for Respondent*
*Bozzuto Construction Company*


**COHEN SEGLIAS PALLAS**
**GREENHALL & FURMAN, PC**


BY:    <u>/s/ Lane F. Kelman   </u>
       Lane F. Kelman, Esquire

EXHIBIT 2



MODEHOM-01  CMCCLAFFERT

# CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 10/29/2013 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | | |
|---|---|---|---|
| Bramhall & Hitchen Insurance<br>111 Ruthar Drive<br>Newark, DE 19711 | PHONE (A/C, No, Ext): (302) 995-2247 143 | | FAX (A/C, No): (302) 995-2220 |
| | E-MAIL ADDRESS: | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : Cincinnati Insurance Companies | | 10677 |
| INSURED | INSURER B : All Risks, LTD | | |
| Dale Waterproofing Systems Inc<br>Dale Waterproofing Co.<br>1155 Phoenixville Pk, Ste 113<br>West Chester, PA 19380 | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

RECEIVED NOV 04 2013 BOZZUTO CONSTRUCTION CO.

## COVERAGES   CERTIFICATE NUMBER:   REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY**<br>X COMMERCIAL GENERAL LIABILITY<br>☐ CLAIMS-MADE  X OCCUR | X | | EPP0215948 | 10/22/2013 | 10/22/2014 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | | GENERAL AGGREGATE | $ 3,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 3,000,000 |
| | | | | | | | | $ |
| A | **AUTOMOBILE LIABILITY**<br>X ANY AUTO<br>☐ ALL OWNED AUTOS  ☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS  ☐ NON-OWNED AUTOS | | | EBA0215949 | 10/22/2013 | 10/22/2014 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | X UMBRELLA LIAB  X OCCUR<br>☐ EXCESS LIAB  ☐ CLAIMS-MADE | | | EPP0215948 | 10/22/2013 | 10/22/2014 | EACH OCCURRENCE | $ 5,000,000 |
| | | | | | | | AGGREGATE | $ 5,000,000 |
| | ☐ DED  ☐ RETENTION $ | | | | | | **Aggregate** | |
| B | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? ☐ Y/N<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | EQB0201810 | 10/22/2013 | 10/22/2014 | ☐ WC STATU-TORY LIMITS  ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 500,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 500,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 500,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)
Bozzuto Construction Company, 237 King Street Partners, LLC, 237 King Partners, LLC & Bozzuto & Associates, Inc. including all subsidiaries, affiliated or associated companies, corporations, limited partnerships, limited liability companies or other related entities are additional insured with respect to General Liability for work performed on their behalf by

Certificate Holder Note:

Dale Waterproofing Systems, Inc., as per the written contract, but only in accordance with the policy.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Bozzuto Construction Company<br>740 Springdale Dr, Ste 130<br>Exton, PA 19341 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE<br>*Connie McClafferty* |

© 1988-2010 ACORD CORPORATION. All rights reserved.

ACORD 25 (2010/05)   The ACORD name and logo are registered marks of ACORD

2023091119-C1

EXHIBIT 3



Matthew H. Dempsey
Partner

September 9, 2022

**<u>Via FedEx Overnight and First-Class Mail</u>**
Dale Waterproofing Systems, Inc.
1155 Phoenixville Pike, Suite 113
West Chester, PA 19380
Attn:   Thomas J. Dale, President

Re:     **Statement of Joinder Claim against Dale Waterproofing Systems, Inc.**
         Private Arbitration: *237 King Partners, LLC v. Bozzuto Construction Company*
         Project:  Malvern East King Street
         Owner:  237 King Partners, LLC
         Contractor:  Bozzuto Construction Company
         Subcontractor:  Dale Waterproofing Systems, Inc.

Dear Mr. Dale:

This firm is counsel to Bozzuto Construction Company ("Bozzuto"), which entered into a subcontract agreement with Dale Waterproofing Systems, Inc. ("Dale") on the above referenced Project located at 237 East King Street, Malvern, PA 19355.  The Owner has initiated an arbitration proceeding against Bozzuto asserting claims relating to alleged failures with your scope of work under as subcontractor on the Project.

Under Article 5(b) of your Subcontract, Dale is required to join in this proceeding. Enclosed is Bozzuto's Statement of Joinder Claim asserting claims against Dale in the subject arbitration matter.  No later than twenty (20) days from the date of this letter, please submit your formal answer or objection to presiding arbitrator Hon. James F. Proud.  Submit responses via email addressed to [jfproud@gmail.com](mailto:jfproud@gmail.com) and provide a copy to my attention at [mdempsey@hornwilliamson.com](mailto:mdempsey@hornwilliamson.com).

Be advised, an inspection of the project site will be held at 10:00am, September 21, 2022. All parties, their counsel and arbitrator Hon. James F. Proud will be in attendance.  You and your insurance carrier, Cincinnati Insurance Companies are welcomed to attend. In the event of a schedule change, you will be promptly notified in writing.

**<u>Please immediately forward this correspondence and all enclosures to your attorney.</u>** Should you fail to timely answer or object to the enclosed Statement of Joinder Claim, I will file a Petition to Compel Arbitration with the Chester County Court of Common Pleas.

Sincerely,

HORN WILLIAMSON, LLC

/s/ Matthew Dempsey

Matthew H. Dempsey, Esq.

**Horn Williamson, LLC**
*Attorneys at Law*
2 Penn Center | Suite 1700
1500 JFK Boulevard
Philadelphia, PA 19102
tel 215-987-3800
www.hornwilliamson.com

*2023-01119-CT*



Dale Waterproofing Systems, Inc.
September 9, 2022

Page 2 of 2

Encl.
MHD:dmq

cc:     Hon. James F. Proud (*Presiding Arbitrator*)
        Lane F. Kelman, Esq. (*counsel for Claimant, 237 King Partners, LLC*)
        Cody M. Wolpert, Esq. (*counsel for Claimant, 237 King Partners, LLC*)
        Thomas P. Stevens, Esq. (*counsel for Respondent, Bozzuto Construction Company*)

        Tina Worsley, Sr. Claims Specialist,
        The Cincinnati Insurance Companies
        (via email:  Tina_Worsley@cinfin.com)
        Claim No:   3594992

*2023-01119-CT*

**HORN WILLIAMSON LLC**
By:  Matthew H. Dempsey, Esquire
      Thomas P. Stevens, Esquire
Identification. No(s).  312392/60246
Two Penn Center
1500 JFK Boulevard | Suite 1700
Philadelphia, PA 19102
Tel.: (215) 987-3800
mdempsey@hornwilliamson.com                    *Attorneys for Respondent,*
tstevens@hornwilliamson.com                    *Bozzuto Construction Company*

| | |
|---|---|
| 237 KING PARTNERS, LLC, a/k/a 237 EAST KING PARTNERS, LLC,<br><br>       Claimant,<br><br>v.<br><br>BOZZUTO CONSTRUCTION COMPANY,<br><br>       Respondent,<br><br>v.<br><br>DALE WATERPROOFING SYSTEMS, INC.,<br><br>       Additional Respondent. | **PRIVATE ARBITRATION BEFORE HON. JAMES F. PROUD** |

**BOZZUTO CONSTRUCTION COMPANY'S STATEMENT
OF JOINDER CLAIM AGAINST DALE WATERPROOFING SYSTEMS, INC.**

Respondent, Bozzuto Construction Company ("Bozzuto") through counsel, Horn

Williamson LLC, files the below Statement of Joinder Claim against Additional Respondent,

Dale Waterproofing Systems, Inc., ("Dale"), as follows:

**STATEMENT OF JOINDER CLAIM**

1.       Bozzuto, for the purposes of this Joinder Claim only, and without making any
admissions, incorporates by reference all allegations averred in Statement of Claim submitted by

*2023-01119-CT*

237 King Partners, LLC, a/k/a 237 East King Partners, LLC ("Owner"). A true and correct copy of Claimant's Statement of Claim is attached hereto and marked as Exhibit "A."

2.      This dispute arises out of written construction contract entered into on or about February 24, 2012 (the "Contract") between Owner and Bozzuto for the construction of the Eastside Flats apartment complex (the "Project"), located at 237 East King Street, Malvern, Pennsylvania 19355 (the "Property").  *See* Exhibit "A," at pg. 1.

3.      In its Statement of Claim, Owner alleges Bozzuto breached the Contract by failing to construct the Project in accordance with the plans and specifications for the Project. *See* Exhibit "A," at 3.

4.      The Statement of Claim asserts, among other things, that damages were caused by the failure to properly install an appropriate waterproofing membrane in accordance with the plans and specifications and manufacturer's instructions.  *See* Exhibit "A," at 3.

5.      In connection with the Project, Bozzuto entered into a Subcontract Agreement with Dale dated July 31, 2012 (the "Subcontract"). A true and correct copy of the Subcontract is attached hereto and marked as Exhibit "B."

6.      Under the Subcontract, Dale's scope of work included installation of the waterproofing membrane for the Project.  *See* Exhibit "B."

7.       Under the Subcontract, Dale agreed to join as a party in any proceeding relating to its scope of work:

> In event of a dispute between Contractor and Owner involving in any way the work of subcontractor and if such dispute results in a proceeding, to which Subcontractor may become a party, then Subcontractor will join in such proceeding and will be bound by the result thereof.

*See* Exhibit B at pg. 3 of 11, Article 5(b).

## BREACH OF SUBCONTRACT
### Bozzuto v. Dale

8.      Bozzuto incorporates the foregoing paragraphs 1 through 7 as well as all allegations contained in Owner's Statement of Claims, and without admitting the allegations contained therein, asserts those allegations against Dale.

9.      Bozzuto performed its obligations under the Subcontract.

10.      To the extent there are defects in construction at the Project as alleged in the Statement of Claim, such defects were caused by Dale's failure to properly perform its scope of work under the Subcontract.

*2023-01119-CT*

11.     To the extent Owner suffered damages, such damages were caused in whole or in part by Dale's breach of the Subcontract.

WHEREFORE, Bozzuto Construction Company, respectfully requests an award in its favor and against Dale Waterproofing Inc. for all damages available under the Subcontract including but not limited to Attorneys fees pursuant to Article 24 of the Subcontract.

### CONTRIBUTION AND INDEMNIFICATION
**Bozzuto v. Dale**

12.     Bozzuto incorporates the foregoing paragraphs 1 through 11 as well as all allegations contained in Owner's Statement of Claims, and without admitting the allegations contained therein, asserts those allegations against Dale.

13.     If the allegations in Owner's Statement of Claims are proven to be true, said allegations being specifically denied, then Bozzuto alleges Dale is solely liable to the Owner on Owner's claims, or in the alternative, Dale is jointly and severally liable with Bozzuto to Owner, or liable over to Bozzuto for contribution and indemnification to the fullest extent of any liability which may be imposed on Bozzuto.

WHEREFORE, Bozzuto Construction Company, respectfully requests an award in its favor and against Dale Waterproofing Inc..

                                        HORN WILLIAMSON LLC


                                        _/s/ Matthew H. Dempsey_____
Dated:  September 9, 2022               Matthew H. Dempsey, Esquire
                                        *Attorneys for Respondent,*
                                        *Bozzuto Construction Company*

*2023-01119-CT*

EXHIBIT 4



**G** ALLAGHER

GALLAGHER EVELIUS & JONES

**Paul S. Caiola**
Direct Dial:  410.347.1371
pcaiola@gejlaw.com

July 20, 2020

**Received**

JUL 2 9 2020

*VIA CERTIFIED MAIL,*
*RETURN RECEIPT*
*REQUESTED, AND U.S. MAIL*

Dale Waterproofing Systems, Inc.
1155 Phoenixville Pike, Suite 113
West Chester PA, 19380
Attn:   Thomas J. Dale, President
         Joe Gahagan

> **Re: East Side Flats Courtyard Waterproofing**
> **Notice of Claim**

Dear Mssrs. Dale and Gahagan:

This firm represents Bozzuto Construction Company ("BCC").  We write to notify you that Owner is claiming that the work Dale Waterproofing Systems, Inc. ("Dale") performed at the Eastside Flats project located at 237 East King Street, Malvern, PA 19355 (the "Project") has failed.  237 King Partners, LLC ("Owner") asserts that the waterproofing system needs to be replaced in full, at the cost of several million dollars.  Owner has initiated an arbitration proceeding against BCC with respect to its claim concerning the waterproofing.

Article 17(b) of the Subcontract Agreement between BCC and Dale provides as follows:

> Subcontractor shall be liable to the Contractor for all costs the Contractor incurs as a result of subcontractor's failure to perform this Agreement in accordance with its terms. Subcontractor's failure to perform shall include the failure of its lower-tier subcontractors or materialmen to perform. Subcontractor's liability shall include but is not be limited to (1) damages and other delay costs payable by the Contractor to the Owner; (2) the Contractor's increased costs of performance such as extended overhead and increased performance costs resulting from Subcontractor-caused delays or improper subcontractor work; (3) warranty and rework costs; (4) liability to third parties; (5) excess reprocurement costs· (6) consultants' fees; and (7) attorneys' fees and related costs.

Please be advised BCC intends to hold Dale liable for any damages BCC is required to pay Owner as a result of the arbitration, as same would constitute "rework costs" under Article 17(b).  BCC also intends to hold Dale responsible for all costs and expenses it incurs in defending against the arbitration initiated by Owner, as provided in Article 17(b).  BCC reserves

#708777

218 North Charles Street    Suite 400    Baltimore, MD 21201    p: 410.727.7702    f: 410.468.2786    gejlaw.com

*2023-01119-CT*



# GALLAGHER
## GALLAGHER EVELIUS & JONES

Dale Waterproofing Systems, Inc.
July 20, 2020
Page 2

its right to implead Dale into the pending arbitration, should BCC determine that is advisable. While the Subcontract Agreement itself does not include an arbitration clause, the Subcontract Agreement incorporates by reference the agreement between BCC and Owner, which does include an arbitration clause.

By this letter, BCC also provides notice of this claim to Dale's performance bond surety (The Ohio Casualty Insurance Company) and liability insurers (Cincinnati Insurance Companies, All Risks, LTD, and Selective Inusrance).  This letter does not purport to state all of BCC's rights and remedies against Dale under the Subcontract Agreement or otherwise, and BCC expressly reserves all rights.

Sincerely,

Paul S. Caiola

cc:     Dave Mandes, BCC

        The Ohio Casualty Insurance Company
        2510 W Dunlap Ave, Suite 550
        Phoenix, AZ 85021

        The Ohio Casualty Insurance Company
        175 Berkeley St
        Boston, MA 02116

        Cincinnati Insurance Companies
        P.O Box 145496
        Cincinnati, OH 45250

        All Risks, LTD
        555 East North Lane, Suite 5060
        Conshohocken, PA 19428

        Selective Insurance Company of America
        1275 Glenlivet Drive, Suite 200
        Allentown, PA 18106

#708777

EXHIBIT 5



Matthew H. Dempsey
Senior Counsel

**April 29, 2022**

<u>**Via Certified and First-Class Mail**</u>
Dale Waterproofing Systems, Inc.
1155 Phoenixville Pike, Suite 113
West Chester, PA 19380
Attn:   Thomas J. Dale, President

> **Re:** **DEMAND TO DEFEND AND INDEMNIFY**
> **Project:  Malvern East King Street**
> **Owner:  237 King Partners, LLC**
> **Contractor:  Bozzuto Construction Company**
> **Subcontractor:  Dale Waterproofing Systems, Inc.**
> **Insurer:  The Cincinnati Insurance Companies**
> **Claim No:   3594992**

Dear Mr. Dale:

This firm is counsel to Bozzuto Construction Company ("Bozzuto"), which entered into a subcontract agreement with Dale Waterproofing Systems, Inc. ("Dale") on the above referenced Project located at 237 East King Street, Malvern, PA 19355.  Under its subcontract, Dale was obligated to supply all labor and materials to complete all waterproofing work on the Project.  The Owner has initiated an arbitration proceeding against Bozzuto asserting claims relating to alleged failures with your scope of work under the subcontract on the Project. Specifically, there is extensive leaking through the waterproofing system Dale installed at the Project.  The leaking has caused considerable damage, including property damage, for which you are responsible.

Under Article 17 of the subcontract, you are obligated to defend and indemnify Bozzuto for, among other things, any and all costs associated with damage to the Owner's property arising out of your scope of work.  You are further obligated to reimburse Bozzuto for all related costs and fees – including but not limited to attorneys fees and expert costs.  Such costs and fees include those incurred to date, and any future costs and fees.  Under separate letter communication, this office will provide an invoice of known, documented costs incurred to date.

**<u>Bozzuto hereby demands you immediately defend and indemnify Bozzuto for all costs incurred and all future costs, for which you are solely responsible under the subcontract, at law, and in equity.</u>**

Additionally, this letter communication shall renew Bozzuto's demand to your insurer, The Cincinnati Insurance Companies ("CIC"), to honor its obligations regarding the above referenced open claim concerning the subject damage.  To the extent CIC requires any additional information or site access to investigate the subject claim, Bozzuto will accommodate.

**Horn Williamson, LLC**
*Attorneys at Law*
2 Penn Center | Suite 1700
1500 JFK Boulevard
Philadelphia, PA 19102
tel 215-987-3800
www.hornwilliamson.com

*2023-01119-CT*



Dale Waterproofing Systems, Inc.
April 29, 2022

Page 2 of 2

     Immediately confirm with this office via email to [mdempsey@hornwilliamson.com](mailto:mdempsey@hornwilliamson.com) of your intention to defend and indemnify Bozzuto no later than Friday, May 6, 2022. Should you refuse and/or fail to honor your obligations, I have instructions to initiate an action to recover all costs and fees for which you are responsible.

                  Sincerely,

                  HORN WILLIAMSON, LLC

                  /s/ Matthew Dempsey

                  Matthew H. Dempsey

MHD:mhd

cc:      Bozzuto Construction Company

        Tina Worsley, Sr. Claims Specialist,
        The Cincinnati Insurance Companies
        (via email:  Tina_Worsley@cinfin.com)

        The Cincinnati Insurance Companies
        P.O. Box 399
        Hockessin, DE 19707

        Thomas P. Stevens, Esq.

*2023-01119-CT*

# EXHIBIT 6

**From:** Matthew H. Dempsey
**Sent:** Monday, May 16, 2022 3:50 PM
**To:** Worsley, Tina <Tina_Worsley@cinfin.com>
**Cc:** Thomas P. Stevens <tstevens@hornwilliamson.com>
**Subject:** RE: Claim No. 3594992

Ms. Worsley,

Please confirm Cincinnati Insurance Company will defend and indemnify Bozzuto Construction Company relative to Claim No. 3594992.

Regards,

***For all matters in active or pending litigation please cc my assistant Veronica Brown (vbrown@hornwilliamson.com) and paralegal Danielle Quay (dquay@hornwilliamson.com).***

**Matthew Dempsey** | Partner
**Horn Williamson, LLC**
2 Penn Center | Suite 1700
1500 JFK Boulevard
Philadelphia, PA 19102
Office: 215.987.3800
Direct: 845.559.3935

*2023-01119-CT*

# EXHIBIT 7

## Danielle Quay

| | |
|---|---|
| **From:** | Matthew H. Dempsey |
| **Sent:** | Friday, July 15, 2022 2:48 PM |
| **To:** | Worsley, Tina |
| **Cc:** | Thomas P. Stevens |
| **Subject:** | RE: Claim No. 3594992 |
| **Attachments:** | 2022-06-14 - Bozzuto - Ltr from Cincinnati Insurance.pdf; 2022-06-23 Statement of Claim(7788687.1)(793501.1).pdf |

Ms. Worsley,

Please accept this by way of follow up to Cincinnati Insurance Company's attached letter of June 14, 2022. I note, I did not receive the attached letter via email as indicated on the heading. If you would kindly respond to this email, I can make sure future emails are not captured by my spam filter.

With regard to the subject claim number, please see attached Statement of Claim filed in the ongoing arbitration by 237 King Partners LLC.

Regards,

***For all matters in active or pending litigation please cc my assistant Veronica Brown (vbrown@hornwilliamson.com)
and paralegal Danielle Quay (dquay@hornwilliamson.com).***

**Matthew Dempsey |** Partner
**Horn Williamson, LLC**
2 Penn Center **|** Suite 1700
1500 JFK Boulevard
Philadelphia, PA 19102
Office: 215.987.3800
Direct: 845.559.3935

*2023-01119-CT*

# EXHIBIT 8

# Danielle Quay

| | |
|---|---|
| **From:** | Matthew H. Dempsey |
| **Sent:** | Wednesday, August 10, 2022 5:42 PM |
| **To:** | Worsley, Tina |
| **Cc:** | Thomas P. Stevens |
| **Subject:** | RE: Claim No. 3594992 |

Ms. Worsley,

My client, Bozzuto Construction Company ("BCC") as additional insured renews its demand to Cincinnati Insurance Companies to defend and indemnify BCC from claims relating to your insured, Dale Waterproofing Systems, Inc. ("Dale"). As you are aware, BCC is defending against such claims in a private arbitration proceeding. In this regard, be advised that a site visit will be held September 20th and/or 21st at the subject project site. Should CIC care to attend the site visit, please let me know as soon as possible so arrangements can be made. Finally, Dale has not responded to BCC's tender.

As always, this correspondence is sent under full reservation of BCC's rights and without waiver of any claims or defenses whatever.

Regards,

***For all matters in active or pending litigation please cc my assistant Veronica Brown (vbrown@hornwilliamson.com) and paralegal Danielle Quay (dquay@hornwilliamson.com).***

**Matthew Dempsey** | Partner
**Horn Williamson, LLC**
2 Penn Center | Suite 1700
1500 JFK Boulevard
Philadelphia, PA 19102
Direct: 267.419.7310
Mobile: 845.559.3935

*2023-01119-CT*

EXHIBIT 9



**THE**
# CINCINNATI
**INSURANCE COMPANIES**

The Cincinnati Insurance Company ▪ The Cincinnati Indemnity Company
The Cincinnati Casualty Company ▪ The Cincinnati Specialty Underwriters Insurance

**Tina Worsley**
Sr. Claims Specialist

August 22, 2022

**Via E-mail (mdempsey@hornwilliamson.com)**
**and Certified Mail**
Matthew Dempsey, Esq.
Horn Williamson, LLC
2 Penn Center, Suite 1700
Philadelphia, PA 19102

     **Re:**    **Cincinnati Insurance Company's Response to Bozzuto Construction**
             **Company's Demand to Defend and Indemnify**

| | |
|---|---|
| **Company:** | Cincinnati Insurance Company |
| **Cincinnati Claim No.:** | 23594992 |
| **Named Insured:** | Dale Waterproofing Systems, Inc. |
| **Policy No.:** | EPP 0215948 |
| **Policy Period:** | October 22, 2013 to October 22, 2014 |
| **Project:** | Malvern East King Street |
| **Owner:** | 237 King Partners, LLC |

Dear Mr. Dempsey:

    Cincinnati Insurance Company ("Cincinnati") acknowledges receipt of (1) your July 19, 2022 email forwarding a statement of claim in the arbitration, and (2) your August 10, 2022 email advising of an upcoming site inspection on held September 20th and/or 21st at the subject project site, inquiring whether Cincinnati wishes to have someone attend, and renewing Bozzuto Construction Company's ("Bozzuto") request that Cincinnati defend and indemnify Bozzuto for claims against it allegedly relating to the work of Dale Waterproofing Systems, Inc. ("Dale") at this project. (To the extent that your email refers to Dale not having responded to your client's contractual tender to Dale, I again ask that you direct those issues in the first instance to Dale, as Cincinnati is not a party to the reported contract between Bozzuto and Dale and, as such, Cincinnati has no obligations to Bozzuto under that contract.)

    This letter follows Cincinnati's June 14, 2022 letter to you, and incorporates Cincinnati's requests for information and reservation of rights contained in that letter. Cincinnati continues to reserve all rights to limit or deny coverage to Bozzuto to the extent that it does not qualify as an additional insured for purposes of the Underlying Action, as well as to deny or limit coverage to Bozzuto to the extent provide by the terms, provisions, definitions, exclusions, limitations or conditions in the Cincinnati policy.

As noted in Cincinnati's June 14, 2022 letter, Cincinnati is continuing to investigate this claim.

While we appreciate receiving the Statement of Claim and being invited to the September site inspection, Cincinnati still has not received the information requested in its June 14 letter. What you have provided so far does not resolve the open issues as to whether the damages alleged are potentially covered by the Cincinnati Policy, whether Bozzuto and/or Dale provided timely notice of this matter, and whether any delay in providing notice prejudiced Cincinnati and/or your defense.

In the June 14 letter, Cincinnati requested the following information (among other things):

1. Information and documents concerning all other subcontractors that worked on the Project in addition to Dale and Bozzuto (including whether any of Dale's work at issue was performed by any subcontractor).

2. Information concerning when Dale performed its work at this project and when Dale's work was completed;

3. Information concerning when any damages at issue in the Underlying Action (related to Dale's work) occurred, first occurred and manifested – and when the Owner, Bozzuto and/or Dale first learned of any such (alleged) damages;

4. Copies of any complaints, demands, letters or other information reflecting any complaints, damages and/or deficiencies related to Dale's work (as well as information concerning the repair requests referenced in the Statement of Claim and any repair work performed by Bozzuto or anyone else);

5. Copies of all insurance policies and certificates of insurance identifying any insurance that may provide coverage to Bozzuto for the claims in the Underlying Action, including but not limited to any policy(ies) issued to Bozzuto as a Named Insured or any policy(ies) pursuant to which Bozzuto may be entitled to any additional insured coverage;

7. Copies of your notice/tender letters to any other subcontractors or other insurers, and the responses you receive. We understand that you have tendered Bozzuto's defense to a number of different subcontractors and their respective insurers. Please provide us with copies of all such letters and the responses thereto.

8. Copies of all documents regarding notification of the water penetration issues.

While the Statement of Claim is partially responsive to item 4 above, you still have not provided any other documents requested in item 4, nor have we received the other items requested.

Plus, the Statement of Claim avers that the alleged water infiltration occurred over a period of time (allegedly continuing until the present, but without expressly mentioning a starting date – but also alleging that the issues were caused by the failure to properly install two-stage drains and an appropriate waterproofing membrane) and that prior complaints were made to Bozzuto to correct and cure defects, but that there was a failure to perform prior repairs.  These allegations again suggest that the damage may have first occurred and manifested prior to the Cincinnati policy period and/or that Bozzuto (and perhaps Dale) had prior notice of the issues and damages but failed to previously report them to Cincinnati.

As such, **I am again writing to request the above information to allow Cincinnati to complete our initial evaluation.**  While we continue our investigation, we are not, at this time, agreeing to defend or indemnify Bozzuto.  We also, however, are not denying coverage to Bozzuto either at this time.  Rather, we are conducting a further investigation into the facts of this matter, subject to a full reservation of rights – including the rights, if applicable, to defend Bozzuto or, alternatively, to deny coverage, including a defense and indemnity, to Bozzuto.  At this time, we have insufficient information to make a coverage determination.  Please let us know when the claims were first made concerning the water penetration issue at the Project and when the damages occurred and manifested.  If the damages occurred and manifested during the Cincinnati Policy period, we do not have any record of the claims being reported to us either by you or Dale.

The basis for our preliminary evaluation is discussed at length in our June 14 letter.  As noted in that letter, we invite you to provide us with any information that you believe supports your contention that Bozzuto is entitled to coverage, including a defense, for the Underlying Action.  We also ask that you provide us with the information requested in the June 14 letter, and reiterated in this letter, so that we may complete our initial investigation and provide you with a decision as to whether we will defend Bozzuto (under a reservation of rights) or will deny coverage to Bozzuto for the Underlying Action.

Meanwhile, **as to the upcoming site inspection, Cincinnati would like to have someone participate in that inspection** – so that we can perhaps obtain some of the additional information we are seeking and, if Cincinnati were to later agree to defend Bozzuto, have someone there to observe the inspection, take photos etc.  I will write back to you in the next week or so to provide you with the name of the person we intend to have attend the inspection.  **Should the inspection date be finalized and/or should other dates and times be proposed, please let me know.**

Cincinnati reserves all rights to deny a defense to Bozzuto and to deny indemnity for any judgement or settlement in the Underlying Action – for the reasons detailed herein.  Cincinnati further reserves all rights to file a declaratory judgment action seeking a declaration of its rights and duties, if any, in connection with this matter; deny a defense and withdraw from the defense; deny indemnity for any settlement or damages that may be awarded in the Underlying Action; and intervene in the Underlying Action and request special jury interrogatories concerning matters that may impact coverage.

If you have any questions or believe our comments and determinations to be incomplete or incorrect, please let us know as soon as possible. Furthermore, if you disagree with any conclusions set forth in this letter or have any additional information or material that you would like us to consider, please let us know. Also, should you receive any amended arbitration demand or civil action complaint or other pleading, please forward any such pleading to us for our review and consideration – so that we can reevaluate our coverage position in light of any subsequent allegations.

Sincerely,

Tina Worsley
Sr. Claim Specialist

cc:    Dale Waterproofing Systems, Inc.
       1155 Phoenixville Pike, Suite 113
       West Chester, Pa 19380
       Attn: Thomas J. Dale, President

       AP Benefits Advisors

"Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties."