# EXHIBIT C



The Cincinnati Insurance Company ▪ The Cincinnati Indemnity Company
The Cincinnati Casualty Company ▪ The Cincinnati Specialty Underwriters Insurance

**Tina Worsley**
Sr. Claims Specialist

August 22, 2022

<u>Via E-mail (mdempsey@hornwilliamson.com)</u>
<u>and Certified Mail</u>
Matthew Dempsey, Esq.
Horn Williamson, LLC
2 Penn Center, Suite 1700
Philadelphia, PA 19102

    Re:    **Cincinnati Insurance Company's Response to Bozzuto Construction Company's Demand to Defend and Indemnify**

|   |   |
|---|---|
| **Company:** | Cincinnati Insurance Company |
| **Cincinnati Claim No.:** | 23594992 |
| **Named Insured:** | Dale Waterproofing Systems, Inc. |
| **Policy No.:** | EPP 0215948 |
| **Policy Period:** | October 22, 2013 to October 22, 2014 |
| **Project:** | Malvern East King Street |
| **Owner:** | 237 King Partners, LLC |

Dear Mr. Dempsey:

    Cincinnati Insurance Company ("Cincinnati") acknowledges receipt of (1) your July 19, 2022 email forwarding a statement of claim in the arbitration, and (2) your August 10, 2022 email advising of an upcoming site inspection on held September 20th and/or 21st at the subject project site, inquiring whether Cincinnati wishes to have someone attend, and renewing Bozzuto Construction Company's ("Bozzuto") request that Cincinnati defend and indemnify Bozzuto for claims against it allegedly relating to the work of Dale Waterproofing Systems, Inc. ("Dale") at this project. (To the extent that your email refers to Dale not having responded to your client's contractual tender to Dale, I again ask that you direct those issues in the first instance to Dale, as Cincinnati is not a party to the reported contract between Bozzuto and Dale and, as such, Cincinnati has no obligations to Bozzuto under that contract.)

    This letter follows Cincinnati's June 14, 2022 letter to you, and incorporates Cincinnati's requests for information and reservation of rights contained in that letter. Cincinnati continues to reserve all rights to limit or deny coverage to Bozzuto to the extent that it does not qualify as an additional insured for purposes of the Underlying Action, as well as to deny or limit coverage to Bozzuto to the extent provide by the terms, provisions, definitions, exclusions, limitations or conditions in the Cincinnati policy.

P.O. Box 399 Hockessin, DE 19707
Tina_worsley@cinfin.com ▪ 302-824-1184 Office ▪ 844-754-3391 Fax

As noted in Cincinnati's June 14, 2022 letter, Cincinnati is continuing to investigate this claim.

While we appreciate receiving the Statement of Claim and being invited to the September site inspection, Cincinnati still has not received the information requested in its June 14 letter. What you have provided so far does not resolve the open issues as to whether the damages alleged are potentially covered by the Cincinnati Policy, whether Bozzuto and/or Dale provided timely notice of this matter, and whether any delay in providing notice prejudiced Cincinnati and/or your defense.

In the June 14 letter, Cincinnati requested the following information (among other things):

1. Information and documents concerning all other subcontractors that worked on the Project in addition to Dale and Bozzuto (including whether any of Dale's work at issue was performed by any subcontractor).

2. Information concerning when Dale performed its work at this project and when Dale's work was completed;

3. Information concerning when any damages at issue in the Underlying Action (related to Dale's work) occurred, first occurred and manifested – and when the Owner, Bozzuto and/or Dale first learned of any such (alleged) damages;

4. Copies of any complaints, demands, letters or other information reflecting any complaints, damages and/or deficiencies related to Dale's work (as well as information concerning the repair requests referenced in the Statement of Claim and any repair work performed by Bozzuto or anyone else);

5. Copies of all insurance policies and certificates of insurance identifying any insurance that may provide coverage to Bozzuto for the claims in the Underlying Action, including but not limited to any policy(ies) issued to Bozzuto as a Named Insured or any policy(ies) pursuant to which Bozzuto may be entitled to any additional insured coverage;

7. Copies of your notice/tender letters to any other subcontractors or other insurers, and the responses you receive. We understand that you have tendered Bozzuto's defense to a number of different subcontractors and their respective insurers. Please provide us with copies of all such letters and the responses thereto.

8. Copies of all documents regarding notification of the water penetration issues.

While the Statement of Claim is partially responsive to item 4 above, you still have not provided any other documents requested in item 4, nor have we received the other items requested.

Plus, the Statement of Claim avers that the alleged water infiltration occurred over a period of time (allegedly continuing until the present, but without expressly mentioning a starting date – but also alleging that the issues were caused by the failure to properly install two-stage drains and an appropriate waterproofing membrane) and that prior complaints were made to Bozzuto to correct and cure defects, but that there was a failure to perform prior repairs. These allegations again suggest that the damage may have first occurred and manifested prior to the Cincinnati policy period and/or that Bozzuto (and perhaps Dale) had prior notice of the issues and damages but failed to previously report them to Cincinnati.

As such, **I am again writing to request the above information to allow Cincinnati to complete our initial evaluation.** While we continue our investigation, we are not, at this time, agreeing to defend or indemnify Bozzuto. We also, however, are not denying coverage to Bozzuto either at this time. Rather, we are conducting a further investigation into the facts of this matter, subject to a full reservation of rights – including the rights, if applicable, to defend Bozzuto or, alternatively, to deny coverage, including a defense and indemnity, to Bozzuto. At this time, we have insufficient information to make a coverage determination. Please let us know when the claims were first made concerning the water penetration issue at the Project and when the damages occurred and manifested. If the damages occurred and manifested during the Cincinnati Policy period, we do not have any record of the claims being reported to us either by you or Dale.

The basis for our preliminary evaluation is discussed at length in our June 14 letter. As noted in that letter, we invite you to provide us with any information that you believe supports your contention that Bozzuto is entitled to coverage, including a defense, for the Underlying Action. We also ask that you provide us with the information requested in the June 14 letter, and reiterated in this letter, so that we may complete our initial investigation and provide you with a decision as to whether we will defend Bozzuto (under a reservation of rights) or will deny coverage to Bozzuto for the Underlying Action.

Meanwhile, **as to the upcoming site inspection, Cincinnati would like to have someone participate in that inspection** – so that we can perhaps obtain some of the additional information we are seeking and, if Cincinnati were to later agree to defend Bozzuto, have someone there to observe the inspection, take photos etc. I will write back to you in the next week or so to provide you with the name of the person we intend to have attend the inspection. **Should the inspection date be finalized and/or should other dates and times be proposed, please let me know.**

Cincinnati reserves all rights to deny a defense to Bozzuto and to deny indemnity for any judgement or settlement in the Underlying Action – for the reasons detailed herein. Cincinnati further reserves all rights to file a declaratory judgment action seeking a declaration of its rights and duties, if any, in connection with this matter; deny a defense and withdraw from the defense; deny indemnity for any settlement or damages that may be awarded in the Underlying Action; and intervene in the Underlying Action and request special jury interrogatories concerning matters that may impact coverage.

If you have any questions or believe our comments and determinations to be incomplete or incorrect, please let us know as soon as possible. Furthermore, if you disagree with any conclusions set forth in this letter or have any additional information or material that you would like us to consider, please let us know. Also, should you receive any amended arbitration demand or civil action complaint or other pleading, please forward any such pleading to us for our review and consideration – so that we can reevaluate our coverage position in light of any subsequent allegations.

Sincerely,

*Tina Worsley*
Tina Worsley
Sr. Claim Specialist

cc:   Dale Waterproofing Systems, Inc.
      1155 Phoenixville Pike, Suite 113
      West Chester, Pa 19380
      Attn: Thomas J. Dale, President

      AP Benefits Advisors

"Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties."