## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOZZUTO CONSTRUCTION COMPANY, | : | |
| | : | |
| *Plaintiff*, | : | CIVIL ACTION No: 2-23-cv-01302 |
| | : | |
| v. | : | |
| | : | |
| CINCINNATI INSURANCE COMPANIES, | : | |
| | : | |
| and | : | |
| | : | |
| DALE WATERPROOFING SYSTEMS, INC., | : | |
| | : | |
| and | : | |
| | : | |
| 237 KING PARTNERS, LLC, a/k/a 237 EAST KING PARTNERS, LLC, | : | |
| | : | |
| *Defendants*. | : | |

## NOTICE TO DEFEND

### NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

***You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.***

**Chester County Bar Association**
**Lawyer Referral**
**15 W. Gay Street**
**West Chester, Pennsylvania 19380**
**(610) 429-1500**

### AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

***Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.***

**Chester County Bar Association**
**Lawyer Referral**
**15 W. Gay Street**
**West Chester, Pennsylvania 19380**
**(610) 429-1500**

ACTIVE\02645\0003\959952.v1-4/28/23

**HORN WILLIAMSON LLC**
Matthew H. Dempsey, Esq.
Laura B. Garber, Esq.
Attorney I.D. Nos. 312392 / 314804
Two Penn Center, 1500 JFK Blvd., Suite 1700
Philadelphia, PA  19102
215-987-3800
mdempsey@hornwilliamson.com
lgarber@hornwilliamson.com

*Attorneys for Plaintiff,*
*Bozzuto Construction Company*

| | | |
|---|---|---|
| BOZZUTO CONSTRUCTION COMPANY, | : | **IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA** |
| *Plaintiff,* | : | |
| v. | : | CIVIL ACTION No: 2-23-cv-01302 |
| CINCINNATI INSURANCE COMPANIES, | : | |
| and | : | |
| DALE WATERPROOFING SYSTEMS, INC., | : | |
| and | : | |
| 237 KING PARTNERS, LLC, a/k/a 237 EAST KING PARTNERS, LLC, | : | |
| *Defendants.* | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Bozzuto Construction Company, by and through counsel, Horn Williamson, LLC, hereby files its Complaint for Declaratory Relief against the Defendant, Cincinnati Insurance Companies and Defendant interested parties Dale Waterproofing Systems, Inc., and 237 King Partners, LLC, a/k/a 237 East King Partners, LLC, and in support thereof, alleges as follows:

## NATURE OF ACTION

1. This is a Complaint for Declaratory Judgment pursuant to 42 Pa. C.S. §§ 7531-7541 (the "Declaratory Judgments Act"), to *determine* and resolve questions of actual controversy

ACTIVE\02645\0003\959952.v1-4/28/23

arising under a contract of insurance by the Defendant, Cincinnati Insurance Companies ("CIC"), under which Plaintiff, a general contractor, is an additional insured.

2.      CIC issued a Commercial General Liability policy insuring Plaintiff's subcontractor Dale Waterproofing Systems, Inc. ("Dale").

3.      In connection with a construction project of 237 King Partners, LLC, a/k/a 237 East King Partners, LLC ("Owner"), Plaintiff was named as an additional insured under Dale's CIC Policy.

4.      Plaintiff seeks a declaration that it is entitled to defense and indemnification under the CIC Policy and that Defendant, CIC, shall defend and indemnify Plaintiff in connection with the underlying arbitration claim arising out of alleged property damage sustained by Owner as a result of alleged water penetration from exterior terrace-courtyard areas into several areas of Owner's property including but not limited to a parking garage. In these areas, it is alleged and claimed by Owner that waterproofing work performed by Bozzuto's subcontractor Dale failed. A copy of the arbitration Statement of Claim is attached as **Exhibit 1** ("Statement of Claim" or "underlying lawsuit").

## PARTIES

5.      Plaintiff, Bozzuto Construction Company ("Plaintiff" or "Bozzuto") is a Maryland corporation with its principal place of business in Gambrills, Maryland.

6.      Defendant, Cincinnati Insurance Companies ("CIC") is incorporated in Ohio and has its principal place of business in Fairfield, Ohio. CIC issued a Commercial General Liability Policy to Dale Waterproofing Systems, Inc, and included Plaintiff Bozzuto as a named insured.[1]

*See* Endorsement, attached hereto as **Exhibit 2**.

---

[1] Despite requests to the carrier for a copy of the policy, CIC has failed to provide same to Plaintiff. Upon information and belief, the policy is in possession of CIC and/or Dale Waterproofing, Inc.

7.     Defendant, Dale Waterproofing Systems, Inc. ("Dale"), is incorporated in Pennsylvania and has its principal place of business in West Chester, Pennsylvania. Dale contracted with Plaintiff as the subcontractor installing waterproofing membrane and other materials that are the subject of the underlying lawsuit.

8.     Defendant, 237 King Partners, LLC, a/k/a 237 East King Partners, LLC ("Owner") is a Pennsylvania limited liability company located in Malvern, Pennsylvania.  Owner is pursuing a claim against Bozzuto in an underlying lawsuit seeking recovery of damages arising out of Dale's work under its subcontract with Bozzuto.

## JURISDICTION AND VENUE

9.     This court has subject matter jurisdiction under 42 Pa. C.S. § 931(a).

10.    Venue is proper in this court under Pennsylvania Rules of Civil Procedure 1006 and 2179 because the cause of action arose in this county and the transactions and occurrences upon which this Complaint is based took place in this county. This includes that the certificate of insurance was provided as required under a subcontract for the construction project of Owner in Malvern, Chester County, Pennsylvania.

## FACTS

### A.     The Underlying Litigation

11.    Owner engaged Bozzuto as general contractor under a written construction contract whereby Owner would pay Bozzuto an agreed upon sum to provide general contracting services for the construction of an apartment complex (the "Project") located at 237 East King Street, Malvern, Pennsylvania, known as the Eastside Flats (the "Property").

12.     The Project involved the construction of a four-story mixed-use complex, including two independent structures with 190 apartment units, retail space, three elevated terrace courtyards, and a two-story parking garage.

13.     Owner is suing Bozzuto in an arbitration proceeding in which Owner seeks recovery in excess of $3,800,000.00 for damages suffered from the alleged construction failures at the Project.

14.     In or about 2020, Owner notified Bozzuto that the waterproofing system was failing and needed to be replaced.

15.     Owner specifically alleges in the underlying litigation that Bozzuto improperly installed waterproofing membranes on each of the three rooftop terraces at the Property. As a result, Owner alleges that moisture is trapped below the membrane, the adhesive of the membrane has failed at vertical wall terminations, there is residual water behind the brick base of the building exterior, and there is water intrusion into the parking garage structure.

16.     Dale was Bozzuto's subcontractor on the Project; Dale's scope of work included installation of a waterproofing system "Rub-R-Wall" at each of the three terraces at the Project.

17.     Owner alleges that water intrusion is ongoing at each of the three terraces, among other locations.

18.     Owner alleges the water intrusion has resulted in degraded conditions of the terrace decks and the parking garage.

19.     Owner alleges that water intrusion has resulted in loss of use of balconies, the terrace areas, and parking.

20.     Additionally, Owner alleges that residents have experienced personal property damage including damage to vehicles as a result of the water intrusion.

21.     Plaintiff joined Dale to the underlying action on September 9, 2022, by filing a Joinder Claim. *See* Bozzuto Construction Company's Statement of Joinder Claim against Dale Waterproofing Systems, Inc. (internal exhibits omitted), attached hereto as **Exhibit 3**.

22.     In the Joinder Claim, Bozzuto specifically alleges breach of subcontract and seeks contribution and indemnity from Dale.

### B.     The Insurance Policy Issued by CIC

23.     Following joinder to the underlying litigation, Dale sought defense and indemnity from CIC under the CGL policy.

24.     CIC is defending Dale in the underlying litigation.

25.     As an additional insured under the CIC CGL policy, Plaintiff is entitled to the same defense and indemnity as Dale.

### C.     Bozzuto's Requests for Insurance Coverage and CIC's Response

26.     Plaintiff sent a Notice of Claim to Dale and CIC on July 20, 2020. *See* July 20, 2020 Notice of Claim, attached hereto as **Exhibit 4**.

27.     CIC responded, advising it was conducting an investigation and could not make coverage determination.

28.     Plaintiff sent correspondence to Dale and CIC on April 29, 2022, stating:

> **Bozzuto hereby demands you immediately defend and indemnify Bozzuto for all costs incurred and all future costs, for which you are solely responsible under the subcontract, at law, and in equity.**
>
> Additionally, this letter communication shall renew Bozzuto's demand to your insurer, The Cincinnati Insurance Companies ("CIC"), to honor its obligations regarding the above referenced open claim concerning the subject damage. To the extent CIC requires any additional information or site access to investigate the subject claim, Bozzuto will accommodate.

*See* April 29, 2022 Letter, attached hereto as **Exhibit 5**.

29.     Plaintiff's counsel wrote to CIC to notify CIC that other carriers had been notified and again demanded defense and indemnity on May 16, 2022. *See* May 16, 2022 Email, attached hereto as **Exhibit 6**.

30.     On June 6, 2022, Plaintiff filed a motion in the underlying arbitration demanding that Owner file its Statement of Claim; the Statement of Claim was filed June 13, 2022. *See* **Exhibit 1**.

31.     Plaintiff's counsel emailed CIC on July 15, 2022, providing a copy of the Notice of Claim. *See* July 15, 2022 Email, attached hereto as **Exhibit 7**.

32.     Plaintiff's counsel again emailed CIC on August 10, 2022, renewing demand to defend and indemnify. *See* August 10, 2022 Email, attached hereto as **Exhibit 8**.

33.     CIC responded on August 25, 2022, but still had not made a coverage determination. *See* August 25, 2022 Email, attached hereto as **Exhibit 9**.

34.     After Plaintiff filed its Joinder Claim, CIC assigned counsel to defend Dale.

35.     Assigned counsel has participated in the underlying litigation, defending Dale.

36.     CIC has provided neither defense nor indemnity to additional insured Plaintiff despite providing a defense to Dale.

## COUNT I
## DECLARATORY JUDGMENT

37.     Plaintiff Bozzuto incorporates by reference each of the allegations set forth in the preceding paragraphs as if expressly set forth herein.

38.     Defendant CIC is obligated to defend and indemnify its additional insured – Bozzuto – in the underlying litigation.

39.     Defendant CIC is defending Defendant Dale in the underlying litigation, and Plaintiff, additional insured, Bozzuto asserts that under the policy of insurance at issue, Defendant CIC must defend and indemnify Bozzuto.

40.     An actual and justiciable controversy exists between Plaintiff and Defendant CIC with respect to the duties and obligations of Defendant CIC under the insurance policy issue to Defendant Dale listing Plaintiff as an additional insured.

41.     Pursuant to the Declaratory Judgments Act, Plaintiff seeks a judicial declaration setting forth its rights under the policies issued to Dale, namely that Defendant CIC is obligated to defend and indemnify Plaintiff in the underlying litigation.

42.     This judicial determination is necessary and appropriate at this time so that Plaintiff and Defendants may ascertain their rights and obligations under the referenced insurance policy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bozzuto prays for judgment as follows:

a. Entry of a judgment determining and declaring that Defendant CIC is obligated to defend Plaintiff Bozzuto in the underlying litigation;

b. Entry of judgment determining and declaring that Defendant CIC is obligated to indemnify Plaintiff Bozzuto with respect to any eventual judgment or settlement in the underlying litigation;

c. For any and all declarations not expressly requested above regarding the rights and obligations of the parties which are necessary for the prompt resolution of this matter; and

d. Reasonable counsel fees, costs and such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**HORN WILLIAMSON, LLC**

Date: May 18, 2023           By:   */s/ Matthew H. Dempsey*

Matthew H. Dempsey, Esquire
*Attorneys for Plaintiff*

ACTIVE\02645\0003\959952.v1-4/28/23

ACTIVE\02645\0003\959952.v1-4/28/23